```
           IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
FRANCISCO C. CARRO, et al.
                                *
     Plaintiffs,
                                *
          v.                         CIVIL NO.: WDQ-08-2881
                                *
MICHAEL D. SLIVER, et al.
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Francisco C. Carro and Federico Peral Cipriano ("Plaintiffs") sued Michael D. Sliver and G.A. & F.C. Wagman, Inc. ("Wagman") ("Defendants") for negligence. Sliver and Wagman filed a third party complaint against Martins Construction Company ("Martins"). Pending is Wagman's motion for summary judgment and the Plaintiffs' motion for leave to file a surreply. For the following reasons, the motions will be granted.

I.   Background

Wagman contracted with the Maryland Transportation Authority ("MTA") for construction work on Interstate 95 in Baltimore. Todd E. Becker Aff. ¶ 5. Wagman subcontracted some of its work to Martins. *Id.* ¶ 8; Defs. Mot., Ex. 3. The Plaintiffs were Martins's employees. Mario R. Martins Aff. ¶ 4; Pls. Opp. at 2.

Although not required to, Martins purchased latex-modified

1

concrete for the job from Wagman.[1]  Pls. Opp. at 4-7; Becker Dep. 19-20, 29; Pls. Opp., Ex. 7.  On June 23, 2005, while delivering concrete to the site, Sliver, a Wagman employee, struck lighting equipment that fell and hit the Plaintiffs, causing serious injury.  Compl. ¶¶ 3-7.

On May 30, 2008, the Plaintiffs sued Sliver and Wagman for negligence in the Circuit Court for Baltimore City.  On October 30, 2008, the Defendants removed to this Court on the basis of diversity jurisdiction.  On November 7, 2008, the Defendants filed a third party complaint against Martins.  On December 9, 2008, the Court denied the Plaintiffs' motion to remand.

On February 5, 2009, Wagman moved for summary judgment.[2]  The parties consented to extend discovery and the Plaintiffs' opposition deadline.  Paper No. 30.  On July 1, 2009, the Plaintiffs filed their opposition.  On July 16, 2009, the Plaintiffs moved for leave to file a surreply.

II. Analysis

    A.   Standard of Review

Rule 56(c) permits summary judgment when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S.

---

[1] Wagman is a producer and supplier of latex-modified concrete.  Todd E. Becker Dep. 15-18, May 29, 2009.

[2] Sliver also sought summary judgment, but withdrew that motion.  Def. Rep. at 1 n.1.

317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must view the facts and reasonable inferences therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).  The opposing party, however, must produce evidence upon which a reasonable factfinder could rely.  *Celotex*, 477 U.S. at 324.  A mere "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

B.   Maryland Workers' Compensation Act

Wagman argues that it is immune from Carro and Cipriano's suit under the Maryland Workers' Compensation Act[3] ("Act").  The Act requires an employer to compensate an employee for "accidental personal injury"[4] regardless of fault.  § 9-501.  This compensation is an employee's sole remedy against his

---

[3] MD. CODE ANN., LAB. & EMPL. §§ 9-101 *et seq.*

[4] Accidental personal injury is defined as "an accidental injury that arises out of and in the course of employment," or "an injury caused by a willful or negligent act of a third person directed against a covered employee in the course of the employment of the covered employee."  § 9-101(b).  There is no dispute that the Plaintiffs' injuries were accidental.

3

employer. § 9-509; *Parry v. Allstate Ins. Co.*, 408 Md. 130, 144, 968 A.2d 1053, 1061 (2009); *Hill v. Knapp*, 396 Md. 700, 711, 914 A.2d 1193, 1199 (2007).

A contractor seeking immunity from civil liability must be

(1) a principal contractor;
(2) who has contracted to perform work;
(3) which is part of his trade, business or occupation; and
(4) who has subcontracted the execution of the whole or any part of such work to the plaintiff's employer.

*Rodrigues-Novo v. Recchi Am., Inc.*, 381 Md. 49, 58-59, 846 A.2d 1048, 1053 (2004); *accord Honaker v. W.C. & A.N. Miller Dev. Co.*, 278 Md. 453, 459-60, 365 A.2d 287, 291 (1976); § 9-508(a).  If the employee is injured in the execution of that work, the contractor is considered a statutory employer, and an employee's exclusive remedy against him is under the Act.[5]  *Rodrigues-Novo*, 381 Md. at 58, 65-66, 846 A.2d at 1053, 1057; § 9-508(a)(3); § 9-508(b).  If the requirements are not met, a contractor is not immune from suit.  *Rodrigues-Novo*, 381 Md. at 58, 846 A.2d at 1053; § 9-901 (an employee may bring tort claims against third parties).

The Plaintiffs do not dispute that Wagman meets the statutory employer requirements, but argues that Wagman was acting as a vendor--not a contractor--because it was delivering

---

[5] Indeed, "injured employees of subcontractors are ordinarily barred from suing the principal contractor in tort." *Great Atl. & Pac. Tea Co., Inc. v. Imbraguglio*, 346 Md. 573, 596, 697 A.2d 885, 896 (1997).

4

concrete pursuant to a separate agreement with Martins. Thus, they argue, Wagman is a third party who is subject to civil liability. *See, e.g.*, *Watson v. Chem. Leaman Tank Lines, Inc.*, 260 F. Supp. 847, 849 (D. Md. 1966) (immunity under the Act requires a subcontract, not merely an agreement to sell).

The statutory employer provision ensures that employees of subcontractors receive workers compensation from contractors should the subcontractors fail to provide coverage. *Para v. Richards Group of Washington Ltd. P'ship*, 339 Md. 241, 251-52, 661 A.2d 737, 743 (1995); *Inner Harbor Warehouse, Inc. v. Myers*, 321 Md. 363, 375, 582 A.2d 1244, 1250 (1990). It also prevents contractors from avoiding financial responsibility for employee injuries by subcontracting their work. *Palumbo v. Nello L. Teer Co.*, 240 F. Supp. 226, 230-32 (D. Md. 1965); *Roland V. Lloyd E. Mitchell, Inc.*, 221 Md. 11, 19, 155 A.2d 691, 696 (1959); *State v. Benjamin F. Bennett Bldg. Co.*, 154 Md. 159, 161-62, 140 A.2d 52, 53 (1928). In return, contractors are immune from civil liability. *Para*, 339 Md. at 253-54, 661 A.2d at 744.

The Plaintiffs have not cited--and the Court has not found--any case in which a contractor lost its employer status because it was acting as a vendor at the time of the accident.[6] As

---

[6] The Plaintiffs rely on cases in which courts held that mere vendors were not statutory employers. *E.g.*, *Ryan v. Bethlehem Sparrows Point Shipyard*, 209 F.2d 53 (4th Cir. 1953); *Watson*, 260 F. Supp. 847; *Athroum v. Potomac Elec. Power Co.*, 309 Md. 445 (1987); *Wilson v. Daniel Int'l Corp.*, 260 S.C. 548

5

statutory employer, Wagman is responsible for workers' compensation benefits and is immune from this suit.

III. Conclusion

For the reasons stated above, Wagman's motion for summary judgment will be granted, and the Plaintiffs' motion for leave to file a surreply will be granted.[7]

July 30, 2009                    _____/s/_____
Date                             William D. Quarles, Jr.
                                 United States District Judge

---

(1973); *Goldstein v. Acme Concrete Corp.*, 103 So. 2d 202 (Fla. 1958). Those cases are distinguishable because they did not involve vendors that were also principal contractors.

[7] The Court considered the Plaintiffs' surreply. It supplemented the Plaintiffs' earlier argument that Wagman's role as concrete vendor imposed liability.

6